UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY FLENOID, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV8-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

On January 22, 2004, a jury found Larry Flenoid guilty of both counts of the superseding indictment in United States v. Larry Flenoid, S1-4:03CR501-DJS. Count I charged an escape from the custody of the Bureau of Prisons, in violation of 18 U.S.C. §751(a)(1). Count II charged Flenoid with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and §924(e)(1). At sentencing, in view of the shooting death of Ricky Forehand during Flenoid's escape, the Court's Sentencing Guidelines computation applied a cross-reference, pursuant to §2K2.1(c)(1)(B), to the First Degree Murder guideline at §2A1.1(a), to reach a total offense level of 43. As an armed career criminal, Flenoid's criminal history category was VI. On April 9, 2004, the Court sentenced Flenoid to 60 months' imprisonment on Count I, and a term of life imprisonment on Count II.

The Court of Appeals for the Eighth Circuit affirmed Flenoid's conviction and sentence on July 29, 2005, and denied petitions for rehearing thereafter. On January 23, 2006, the United States Supreme Court denied Flenoid's petition for a writ of certiorari. On January 9, 2008, a jury in St. Louis County Circuit Court found Flenoid guilty of first degree murder in the death of Forehand, as well as of kidnapping, burglary, unlawful use of a weapon, assault and two counts of armed criminal action. Flenoid was later sentenced in the state court to life in prison without parole. Now before the Court is Flenoid's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Flenoid's motion under §2255 [Doc. #1] is 68 pages in length, with the court-provided form accounting for the first 14 pages and the rest hand-written. Flenoid submitted a traverse [Doc. #24], consisting of 228 handwritten pages plus 65 pages of exhibits, most of which are also documents hand-written by Flenoid. This document grossly exceeds the Court's 15-page limitation for motions, memoranda and briefs set out in E.D.Mo. L.R. 7-4.01(D). No leave to file the over-length traverse was sought, and none will be granted. The page limitation is not enforced against the 68-page §2255 motion, which functions as the initial pleading in this matter, and the length of which affords petitioner ample opportunity to set forth his arguments. In addition, more recently, on June 5, 2009, Flenoid filed a document entitled "Rule 7 - Expanding the Record" [Doc. #37]. Because the document

contains additional argument and citations for the Court's consideration on petitioner's grounds for relief, the Court will treat that document as a supplemental traverse. The Court does not grant leave for the filing of the 228-page traverse [Doc. #24], which will not be considered.

The fourteen-page form portion of movant's §2255 motion identifies each of four grounds for relief only in broad categories as follows: Ground One: ineffective assistance of counsel; Ground Two: Fifth Amendment due process; Ground Three: Sixth Amendment and Eighth Amendment; Ground Four: Fourteenth Amendment, Equal Protection, Due Process. For each ground, movant's form motion directs the reader to the attached pages for further definition of the claims for relief. On those pages, movant does not address his categories of claims in the same order, instead beginning with twelve claims enumerated under the heading "Sixth Amendment." Under the ineffective assistance of counsel heading, movant sets forth 34 claims under sub-headings of pretrial, trial, sentencing and appeal, numbering thirteen, six, ten and five, respectively. Movant enumerates 45 claims under the heading "5th Amendment Due Process Violations." Three claims are set forth under the heading "Eighth Amendment." Lastly, eleven claims are enumerated under a heading referring to the Fourteenth Amendment and Equal Protection.

The assertion of this total of 105 grounds for relief creates a record that is unmanageably prolix, as movant's hundreds of handwritten pages suggests. Nonetheless, counsel for the

3

government has attempted to respond to each of the claims, noting that they are "repetitious, non-cognizable, and otherwise meritless" and that many are procedurally defaulted. Response to Show Cause Order [Doc. #21], p.5. The Court has spent days carefully reviewing the more than 100 claims Flenoid asserts, and finds that none of them entitles him to relief under the applicable standards of §2255(a) and (b). The number of the claims precludes, and their meritlessness does not warrant, particularized discussion of the Court's analysis of each.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day. The Court has also considered Flenoid's "Request for Information via Discovery," motion offering arguments concerning the proper interpretation and application of the armed career criminal classification, and a second request for what movant calls discovery, and finds such motions to be without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Request for Information via Discovery" [Doc. #30] is denied.

**IT IS FURTHER ORDERED** that movant's "Supplemental Motion...To Determine Amendment 709 to Be Clarifying, etc." [Doc. #32], docketed as a supplement to the traverse, is denied.

**IT IS FURTHER ORDERED** that movant's "Request for Permission from the Court to Seek Information via Discovery...." [Doc. #33] is denied.

**Dated this      18th       day of June, 2009.**

                                                /s/Donald J. Stohr
                                                **UNITED STATES DISTRICT JUDGE**